## THE CONSOLIDATED ASSOCIATION OF THE PLANTERS OF LOUISIANA *v.* WILLIAM C. C. CLAIBORNE and Wife.

Although a corporation had expired by limitation, and judgment of forfeiture of charter had also been pronounced against it on behalf of the State; yet, where, from the nature and objects of the institution, a power to liquidate its affairs, after the expiration of its charter, might have been foreseen as absolutely necessary, the power to accept from the State an extension of the charter, for the purposes of liquidation, will be implied ; and this extension enabled it to sue a defaulting stockholder, notwithstanding the enabling statute was passed subsequent both to the decree of forfeiture, and the expiration of the charter by limitation.

A PPEAL from the Fourth District Court of New Orleans, *Strawbridge*, J. Benjamin and *Micou*, for plaintiff. *J. R. Grymes*, for defendanst. By the court :

CONSOLIDATED
ASSOCIATION
OF THE
PLANTERS OF
LOUISIANA
*v.*
CLAIBORNE.

EUSTIS, C. J. This appeal is taken by the defendants, from a judgment of the Fourth District Court of New Orleans, by which they were condemned to pay, *in solido*, the sum of four hundred and twenty dollars, with interest.

The party plaintiff is one of the property banks of New Orleans, of which the State furnished the capital, by a sale of its bonds, which were based upon mortgages furnished by the stockholders. The defendants were stockholders of the bank, and the present action is for the recovery of an assessment of six dollars per share, imposed by the managers of the institution for the purpose of supplying a deficiency in the assets of the bank, which were found to be inadequate to meet the payment of its debts.

The amount of this contribution does not appear to be contested. The objections to the plaintiffs' right to recover, appear to be founded on the legislation to which this corporation has been subjected, and on its present condition under the existing laws.

The corporation was chartered by two acts of the Legislature, passed, one on the 16th of March, 1827, the other, on the 19th of February, 1828. Its charter was to expire on the 30th of June, 1843.

By a judgment of a competent court, dated the 17th of November, 1842, its charter, at the suit of the State, was decreed to be forfeited.

It is contended, on behalf of the defendants, that, from these two causes, the corporation has become extinct, and the contract between the State and the stockholders, and the stockholders *inter se*, has been thereby dissolved.

The right of the principal defendant to an immediate liquidation of the affairs of the bank, is insisted upon, and the consequent release of his property from the burthen of mortgage.

This case is, in some of its features, similar to that of the *Citizens' Bank* v. *The Levee Cotton Press Company*. But there is an important difference between the two cases. In that case, the term to which the payment of the bonds was extended, was within that fixed for the duration of the charter of the bank, and within the time at which the other series of bonds were due. It is otherwise in the present case, as will be noted.

The State took possession of the assets of this bank, under the decree of the forfeiture of its charter, by virtue of the acts of 1842 and 1843, for the purpose of liquidating its affairs ; and managers were appointed under the authority of the State.

The capital of the bank was furnished by the negotiation of State bonds, payable in five, ten and fifteen years from their date ; and the stockholders mortgaged their property to secure the payment of these bonds, and their interest.

In 1835, a law was passed, authorizing the bank to postpone the payment of the two last series of bonds, to the 30th of June, 1848, and granting to it a delay of two years from that date, for purposes of liquidation.

The defendant became a stockholder in 1839. The bonds of the State were not paid at maturity, and were renewed, under the provisions of the act of 1847. Under this act, three directors were appointed by the stockholders of the bank, who, with the managers, on the part of the State, had the administration of the affairs of the bank. By the 4th section, they were authorized to extend the

CONSOLIDATED
ASSOCIATION
OF THE
PLANTERS OF
LOUISIANA
.v.
CLAIBORNE.
term of payment of the State bonds for 6, 9, 12, 15 and 18 years, provided, however, that the stockholders should be at liberty to discharge them sooner ; and the liquidation of the bank was authorized to be continued, until the payment of the bonds thus extended.

By the 6th section. an assessment on the stockholders was authorized, in order to meet regularly the interest and principal of these bonds as they fell due. For a contribution, under this section, the present action is brought.

The term fixed by the charter for the duration and liquidation of the bank, having expired, the question presented, relates to the effect of the act of 1847, as obligatory upon the defendant. That he is bound for his share in any deficiency of the assets of the bank to meet its debts, is conceded; but the defence is, that he is not bound in manner and form as sought to be made liable; not bound by the protracted liquidation imposed by the act of 1847.

When we consider the objects of this institution, and the condition of the bank, resulting from the manner in which its capital is invested, (for the most part, in mortgages on sugar estates and slaves,) it must be conceded, that the power of liquidating its affairs, at the expiration of the charter, was one of those which were absolutely necessary, for the protection of the interests of the stock holders. It certainly would be reasonable to forsee, and within the contemplation of every stockholder, when he took his stock, that it might be impossible to effect this liquidation within the extended time fixed by the statute, to wit, two years from June 30th, 1848.

If this be so, and we do not conceive how it can well be otherwise, the corporation had the power to accept, from the State, the privilege of the extension of the charter, for the purposes of liquidation.

The State gave the privilege of extension ; the holders of ninety-five per cent of the stock, have acquiesced in the law conferring it; and the corporation has actually accepted it. For the acceptance of an amendment to a charter, we do not understand that any particular form is prescribed by the law. But, it is clear, that the acts of the corporation itself, and of nearly the whole of the stockholders, as corporators, under the law, are equivalent to the most formal acceptance.

The State has determined, the bank has determined, with the concurrence of more than nine-tenths of the stockholders, that it is for the interest of all not to force a liquidation immediately ; but, in view of the condition of the country, and of the affairs of the bank, to postpone the payment of the bonds, for which it is bound, for terms extending from three to eighteen years, and have thus organized a gradual liquidation.

This may be too long, perhaps it is ; but, has this court the power to coerce an immediate liquidation, at the instance of a dissenting stockholder? We think not.

It is proper to add, that a portion of the court, in concurring in the present decree, has been materially influenced by the last consideration, very forcibly stated in the opinion of the district judge.

The judgment of the district court is therefore affirmed, with costs.